Martin, J.
delivered the opinion of the court. A. Phillips, the plaintiff's brother, d ed intestate, leaving a large estate, real and personal, to which a curator was appointed, who brought suit against the defendants, as purchasers of a part of the reai property of the estate.
During the late war, the present plaintiff, being an alien ene ny, .vas prevented from instituting any action to obtain the estafe.
In 1816, one James Rogers, for himself arid: others, as «í* eirs, applied to the court .of probates tobe recognised as heirs of the deceased, and they were accordingly admitted by a decree of that court, of’ the sixth of May of that year, on which day, th* present defendants paid ⅜ him the amount of the judgment obtained against them by the curator. On the next day, Rogers entered satisfaction of the judgment, on the re- . record ; and the curator appealed from the decide of the court of probates, which recognised Rogers and others as heirs of the estate!
In ‘ June following, Phillips, the present plaintiff, intervened in the appeal, and the dis- *227 trick court reversed the decree of the court of ; ■ ■ pr nates, and decreed Phillips, the then appel-lank, to be heir of the personal estate, and Rogers' and others the then appellees to be heirs of the real. Ten days after, no appeal from this decision of the district court having as yet been taken, Rogers, for himself and liis c^-heirs, whose ; powers he had, acknowledged the pay-méat of the amount of the judgment, obtained by the curator, against the present defendants.
In September, 1816. the present plaintiff appealed from the judgment of the district court, to this ; and in October', 1818 obtained a judgment reversing that of the district court, recognising Rogers and others as heirs of the real estate of the deceased, and declaring him to be heir of the whole estate, real and personal. 5 Martin,700.
He then brought the present suit to recover the amount of |he judgment, obtained by the curator, against the tbenajid present defendants, for the amount of part of the real estate purchase < by them. There was judgment against him and he appealed.
We are of opinion that the judgment is correct. The defendants, having paid the amount of the real property to persons declared heirs by a cunt^tent tribunal, from whose judgment no *228 appeal liad been taken, after the time had elapsed, within which a suspensive appeal could have been tafeen, cannot be said to have made pay-meat wrongfully, while the persons to whom they paid might have compelled payment by legal means.
Baldwin for the plaintiff, Johnson for the defendants.
It is, therefore, ordered, adjudged and decreed. that the judgment of the district court lie affirmed with costs.